JOURNAL ENTRY and OPINION
Plaintiff-appellant herein, Mary McCarthy, appeals from the trial court's ruling affirming the magistrate's decision on the appellant's complaint for retaliatory eviction. Because we find that the trial court's decision was supported by the preponderance of probative, reliable evidence, we affirm.
The appellant initially brought a lawsuit in Lakewood Municipal Court alleging that the landlord,[1] the defendant-appellee, had caused a diminution in the value of her leasehold by allowing unsanitary and unsafe conditions to fester in the unit. The appellant was successful in obtaining a $200 judgment against the appellee on this claim. Thereafter, the appellee refused to renew the appellant's lease. The appellee maintained that the appellant had unequivocally indicated to him her desire to move out of the apartment complex, and that he was thus justified in failing to renew the lease. The appellant then brought this action for retaliatory eviction under R.C. 5321.02. The appellee counterclaimed alleging that the appellant's lawsuit was baseless, frivolous and malicious.
A hearing was had before a magistrate on March 7, 2001. The magistrate issued his findings of fact and conclusions of law on March 23, 2001 in which he found for the appellee on the appellant's complaint and for the appellant on the appellee's counterclaim. The appellant then filed objections to the magistrate's decision. The appellee did not object to the magistrate's opinion.
On April 25, 2001, the trial court issued a judgment entry wherein it overruled appellant's objections to the magistrate's report and entered judgment in favor of appellee on appellant's claim and in favor of appellant on appellee's counterclaim. In the judgment entry the trial court found that the Magistrate's Report is based on probative, substantial and credible evidence.
The appellant then timely filed the within appeal from the decision of the trial court. The appellant assigns three errors for this court's review. The three assignments of error, which are interrelated and have a common basis in law and fact, state:
 I. WHETHER OR NOT THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN FINDING THAT THE MAGISTRATE'S REPORT DISMISSING THE PLAINTIFF-APPELLANT'S COMPLAINT WAS PROPER IN LIGHT OF MISINTERPRETATION OF THE CONTROLLING LAW (ORC 5321.02).
 II. WHETHER OR NOT THE TRIAL COURT ABUSED ITS DISCRETION WHERE IT OVERRULED ALL OF THE OBJECTIONS OF THE PLAINTIFF-APPELLANT WHILE ONLY ADDRESSING ONE OF THE OBJECTIONS RAISED.
 III. WHETHER OR NOT THE TRIAL COURT ERRED IN AFFIRMING A MAGISTRATE'S REPORT WHICH WRONGFULLY WEIGHED THE EVIDENCE BASED UPON APPLYING A STANDARD NOT APPLICABLE TO ORC SECTION 5321.02.
The controlling law referred to by the appellant as found in R.C. 5321.02
reads, in pertinent part, as follows:
 (A) Subject to section 5321.03 of the Revised Code, a landlord may not retaliate against a tenant by increasing the tenant's rent, decreasing services that are due to the tenant, or bringing or threatening to bring an action for possession of tenant's premises because:
 (1) The tenant has complained to an appropriate governmental agency of a violation of a building, housing, health or safety code that is applicable to the premises, and the violation materially affects health and safety.
 (2) The tenant has complained to the landlord of any violation of section 5321.04 of the Revised Code.
Initially, we note that the appellant in the instant case was not evicted. The appellee merely chose not to renew the appellant's lease. We do not interpret R.C. 5321.02 as providing a tenant with a lease in perpetuity merely because she has filed a complaint against a landlord arising out of a health or safety issue.
Additionally, the court heard the testimony of several witnesses who stated that the appellant had repeatedly indicated her desire to not renew her lease and to find other living arrangements. The fact that the appellant questions the credibility and/or impartiality of these witnesses does not mean that the trial court was obligated to disregard their testimony. It is for the trier of fact to judge the credibility of the witnesses. The court's judgment entry clearly indicates that the court independently analyzed and critically reviewed the testimony and evidence presented at the hearing as it is obligated to do. Normandy Place Assoc. v. Beyer (1982), 2 Ohio St.3d 102; DeSantis v. Soller (1990),70 Ohio App.3d 226. Civ.R. 53(E)(4)(b) does not require that the trial court independently address and rule on each separate objection raised, but only that it rule on any objections. The trial court below did in fact rule on all of the objections raised.
When a party appeals the decision of a trial court to an appellate court, it is settled law in Ohio that judgments supported by some competent, credible evidence going to all essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence. Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80; Amos Suburban Newspapers v. Platt (May 17, 1996), Montgomery App. No. 15431, unreported.
The trial court's decision herein was supported by competent, credible evidence. Accordingly, we find that there was no error in the trial court's adoption of the magistrate's findings of fact and conclusions of law.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Lakewood Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J., CONCURS. ANNE L. KILBANE, J., CONCURS IN JUDGMENT ONLY.
[1] The complaint filed in Small Claims Court listed as defendants Harry Caplan and South Coast, LLC, both residing at the same address. For clarity purposes, we will refer to the appellees in the singular throughout this opinion.